WILLIAM CULLY
PRO SE
21063 Camp Road
Seaford, DE 19973

UNITED STATES DISTRICT COURT

OF DELAWARE

KIRK CULLY,                                     Case No. **22-1116**

    Plaintiff,                            **COMPLAINT FOR DAMAGES**
                                                (Personal Injury)
v.                                              [Public Vessels Act, 46 U.S.C. § 31101]
                                                [Suits in Admiralty Act, 46 U.S.C. § 30901]
UNITED STATES OF AMERICA,                       [Jones Act, 46 U.S.C. § 30104]
                                                [Unseaworthiness]
    Defendants.                           [Maintenance and Cure]

The Plaintiff, KIRK WILLIAM CULLY, complaining of the Defendant, UNITED STATES OF AMERICA, alleges and says:

## JURISDICTION/PARTIES

1. Plaintiff, KIRK WILLIAM CULLY ("CULLY"), is a citizen and resident of the County of Sussex, State of Delaware, and, at all material times, was employed by TOTE SERVICES, INC. ("TOTE") as a member of the crew of the SS POLLUX.

2. The SS POLLUX is owned by the MARITIME ADMINISTRATION, an agency of the UNITED STATES, and managed and operated by TOTE. The SS POLLUX is underway and at the time of filing is located in or near the port in the city of Beaumont, TX.

3. The SS POLLUX, T-AKR-290, her engines, tackle apparel, etc., is an Algol-class vehicle cargo ship, 946.2' in length, 105.6' beam width, and 36.4' draft, and was and is employed in the service of the MARITIME ADMINISTRATION as a vehicle cargo ship. The SS POLLUX was and is managed and operated pursuant to written contract with

Complaint

TOTE, a private shipping company. TOTE, in its capacity as Ship Manager and vessel operator, hired the crew on behalf of the MARITIME ADMINISTRATION.

4. TOTE is a Delaware corporation organized and existing under the laws of the State of Delaware, with its principal office and place of business at 10550 Deerwood Park Blvd., Suite 502, Jacksonville, Florida 32256, and is authorized as a foreign corporation to do business in the State of Florida, with its principal office and place of business at 10550 Deerwood Park Blvd., Suite 502, Jacksonville, Florida 32256. TOTE is also authorized as a foreign corporation to do business in the State of California with its principal office and place of business at 10550 Deerwood Park Blvd., Suite 502, Jacksonville, Florida 32256.

5. Plaintiff KIRK CULLY was a seaman employed by TOTE as a member of the crew on the SS POLLUX. On August 31, 2020, CULLY was seriously and permanently injured in the scope and course of his duties when offloading several 5-gallon paint cans from a pallet containing twelve (12) five-gallon paint cans on each pallet and other heavy equipment. On the day of the incident, Claimant off-loaded approximately six pallets of paint cans before he suffered injury to his back and knee/ CULLY's injuries were proximately caused by the negligence of the MARITIME ADMINISTRATION, and/or the negligence of TOTE, the operator and manager of the vessel, and the unseaworthiness of the vessel.

6. This admiralty and maritime claim is brought against the UNITED STATES under the Suits in Admiralty Act and the Public Vessel Act since the SS POLLUX is owned by the MARITIME ADMINISTRATION, an agency of the UNITED STATES.

7. The UNITED STATES has waived sovereign immunity by virtue of the Public Vessels Act, 46 U.S.C. § 31101, and/or the Suits in Admiralty Act, 46 U.S.C. § 30901. This claim is also subject to the provisions of the Clarification Act, 50 U.S.C. § 1291(a), incorporating the provisions of the Suits in Admiralty Act.

8. This is a claim for negligence under the Jones Act, 46 U.S.C. § 30104 et. seq. and for unseaworthiness and maintenance and cure under the general maritime law. Jurisdiction is based on 28 U.S.C. § 1331 (federal question) and pursuant to 28 U.S.C. Section 1333 (admiralty and maritime jurisdiction).

9. By letter dated July 12, 2021, and mailed by registered mail, Plaintiff filed an Administrative Claim with the US Department of Transportation, Maritime Administration, pursuant to 46 CFR Part 327. In his Administrative Claim, CULLY sought recovery of the sum certain of $617,040.00. By letter dated February 12, 2022, the Office of Marine Insurance, US Department of Transportation, Maritime Administration denied CULLY's Administrative Claim.

10. Plaintiff, KIRK CULLY, was employed and hired in the capacity of Able Bodied Seaman, a member of the crew of the SS POLLUX by the UNITED STATES, or an agency of the UNITED STATES, and/or by TOTE. All seamen and crewmembers of the SS POLLUX were employed and hired by the UNITED STATES, or an agency of the UNITED STATES, and/or by TOTE.

11. On or about August 31, 2020, the SS POLLUX was located at the Port of Philadelphia, in the State of Pennsylvania. CULLY had been a seaman since 1995 and had been aboard the SS POLLUX for approximately one month before his injury. On the morning of September 1, 2020, at approximately, 9:30am, CULLY was offloading pallets of excessively heavy paint cans and other items by hand when he experienced lower back and left knee pain. CULLY was examined onboard and prescribed Naproxen.

12. He was taken off the ship and seen by doctors at Concentra in Philadelphia, PA, who declared him Not Fit for Duty. He was sent home to Delaware to follow up with an orthopedic spine surgeon. The orthopedic spine surgeon ordered an MRI, which revealed a compression fracture at L4. Surgery was therefore indicated and the orthopedic spine surgeon performed a Kyphosty at L4.

13. As a direct and proximate result of the injuries sustained by him on August 31, 2020, CULLY suffered a compression fracture in his lower back, requiring a Kyphosty at L4 and damage to his left knee requiring a total left knee replacement. CULLY has been unfit for duty since the Kyphosty.

14. As a direct and proximate result of the negligence of TOTE and the UNITED STATES and the unseaworthiness of the SS POLLUX, CULLY can no longer do many activities, has limitations in other activities, and has suffered a career ending, life altering injury.

15. As of the date of injury, CULLY has suffered past loss of earnings or earnings capacity of $, including past lost wages, subsistence and benefits. CULLY's average yearly taxable earnings were the sum of $51,703.00. The annual value of his benefits was $16,000.00.

16. CULLY has suffered future loss of earnings or earnings capacity in the amount of $568,733.00, not including lost benefits and wage increases. PELL had planned to work until he reached age 70. At the time of the injury, he was 59 years of age. He is now unable to return to work due to his injuries. CULLY has lost eleven (11) years of future wages, resulting in a net loss of $568,733.00.

17. As of August 23, 2022 CULLY's medical expenses, which he has paid with private insurance are in excess of $30,000 and accruing.

18. CULLY has suffered pain and suffering in the amount of $100,000.00.

19. CULLY has suffered loss of income due to early retirement in an amount to be determined.

20. CULLY has suffered loss of ability to maintain household, etc. in the amount of $75,000.00.

21. CULLY has suffered permanent injury in the amount of $75,000.00.

22. CULLY will incur future medical bills.

23. As a proximate result of the negligence of TOTE and the UNITED STATES and the unseaworthiness of the SS POLLUX, CULLY suffered a permanently totally disabling injury. He will never recover from his injuries and never return to shipboard employment. He is totally disabled, unable to work and cannot be expected to return to any form of gainful employment.

## FIRST CLAIM
## Jones Act, 46 U.S.C. § 30104

CULLY makes his claim pursuant to the Jones Act, Title 46 U.S.C. § 30104 et seq. At all material times herein, CULLY was employed by TOTE as a crewmember of the SS POLLUX. TOTE and the UNITED STATES owed a duty to CULLY to exercise reasonable care.

The UNITED STATES, by reason of the negligence of its agents, servants, employees, and the master of the vessel, and the negligence of TOTE, its agents, servants, employees, and the master of the vessel, was negligent in the following particulars, among others:

a. by failing to provide adequate assistance for the transfer and lifting of the pallets;
b. by failing to provide adequate training and supervision;
c. by failing to follow safe lifting practices and limits;
d. by failing to provide a reasonably safe place to work;
e. by failing to have proper and safe equipment;
f. by failing to provide proper safety measures and to promulgate and/or enforce proper safety and operating rules;
g. failure to correct a dangerous situation;
h. by failing to exercise reasonable care under the circumstances;
i. failure to take adequate precautions for safety;
j. by failing to provide a seaworthy vessel fit for its intended use;
k. failure to perform a job hazard analysis; and was negligent in such other particulars as shall be shown at trial of this claim.

The UNITED STATES was required to have a safety management system according to 33 CFR Part 96, which contained Objectives and Functional Requirements which included the obligation to provide:

a. safe practices in vessel operation;
b. a safe work environment;
c. the obligation to establish and implement safe guards against all identified risk; and
d. instructions and procedures to provide for the safe operation of the vessel.

CULLY'S injuries were caused by negligence of the UNITED STATES, in violating the provisions of 33 CFR Part 96.30

Complaint

The negligence of the UNITED STATES was a direct and proximate cause of CULLY'S injuries.

As a direct and proximate result of the negligence of the UNITED STATES, CULLY suffered, and continues to suffer, severe bodily injuries and permanent impairment and pain and suffering, past, present and future, and has incurred medical expenses and lost wages, past, present and future, and impairment of earning capacity.

As a direct and proximate result of the negligence of the UNITED STATES, and the resulting bodily injuries, pain and suffering, medical expenses, lost wages, and impairment of earning capacity, CULLY is entitled to recover damages from the UNITED STATES in the sum of $990,733.00 plus interests and costs.

## SECOND CLAIM
### (Unseaworthiness under the General Maritime Law)

The UNITED STATES as operator, charter, and/or owner of the SS POLLUX, and through TOTE, manager and operator of the vessel, owed a duty to CULLY to provide him a vessel that was in all respects seaworthy, staunch and fit for its intended purpose.

The SS POLLUX was unseaworthy in that, among other things, the vessel was not properly equipped and manned, not properly supervised, and the vessel failed to provide safe access to and from the area where the five gallon paint cans were to be transported and stored, and failed to provide a safe work area for the crew in the following particulars, among others:

   a. by failing to provide adequate assistance for the transfer and lifting of the pallets;
   b. by failing to provide adequate training and supervision;
   c. by failing to follow safe lifting practices and limits;
   d. by failing to provide a reasonably safe place to work;
   e. by failing to have proper and safe equipment;
   f. by failing to provide proper safety measures and to promulgate and/or enforce proper safety and operating rules;
   g. failure to correct a dangerous situation;
   h. by failing to exercise reasonable care under the circumstances;
   i. failure to take adequate precautions for safety;
   j. by failing to provide a seaworthy vessel fit for its intended use;
   k. failure to perform a job hazard analysis; and was negligent in such other particulars as shall be shown at trial of this claim.

The UNITED STATES was required to have a safety management system according to 33 CFR Part 96, which contained Objectives and Functional Requirements which included the obligation to provide:

   a. safe practices in vessel operation;
   b. a safe work environment;

    c. the obligation to establish and implement safe guards against all identified risk; and

    d. instructions and procedures to provide for the safe operation of the vessel.

The UNITED STATES, in violation the provisions of 33 CFR Part 96, created conditions which caused CULLY'S injuries.

The unseaworthiness of the SS POLLUX was a direct and proximate cause of CULLY'S injuries.

As a direct and proximate result of the unseaworthiness of the SS POLLUX, CULLY suffered, and continues to suffer, severe bodily injuries and permanent impairment and pain and suffering, past, present and future, and has incurred medical expenses and lost wages, past, present and future, and impairment of earning capacity.

As a direct and proximate result of the unseaworthiness of the SS POLLUX, and the resulting bodily injuries, pain and suffering, medical expenses, lost wages, and impairment of earning capacity, CULLY is entitled to recover damages from the UNITED STATES in the sum of $990,733.00, plus interest and costs.

## THIRD CLAIM
### (Maintenance and Cure)

24. CULLY's employer, TOTE is required to provide CULLY maintenance and cure, including unearned wages.

25. CULLY has been provided some, but not all, of the maintenance and cure to which he is entitled.

26. The UNITED STATES is liable for TOTE'S failure to pay maintenance and cure. CULLY will incur attorneys' fees and other necessary expenses in prosecuting his claim for maintenance and cure. These fees and expenses are necessary due to the failure of his employer to provide CULLY all of his maintenance and cure.

27. CULLY, because of his service to the SS POLLUX, and his injuries sustained while in the service of that vessel, is entitled to recover from the UNITED STATES maintenance and cure from the time of his injury to maximum medical cure together with those attorney fees and expenses incurred in prosecuting his claims for maintenance and cure.

WHEREFORE, Plaintiff prays for Judgment against the Defendant as follows:

Complaint

1. For compensatory damages in the total amount of $990,733.00, based on

   a. past loss of earnings or earnings capacity of $142,000.00 as of August 23, 2022, including past lost wages, subsistence and benefits;

   b. future loss of earnings or earnings capacity in the amount of $568,733.00, including lost benefits and wage increases;

   c. Unpaid medical expenses in excess of $30,000;

   d. pain and suffering in the amount of $100,000.00;

   e. loss of income due to early retirement in an amount to be determined;

   f. loss of ability to maintain household, etc. in the amount of $75,000.00;

   g. permanent injury in the amount of $75,000.00;

   h. future medical expense in an amount to be determined;

   i. unpaid maintenance in an amount to be determined; and

   j. unpaid expenses of cure.

2. For costs, including attorney fees;

3. For prejudgment and post judgment interest;

4. For such other and further relief as the Court deems just and proper.

Dated: August 23, 2022

By _____
Kirk William Cully
PRO SE

Complaint